## WILLIAM H. HUDSON, CITY MARSHAL, *v.* MICHAEL GEARY.

The ordinance of the city of Providence, entitled "An ordinance to prohibit the opening of places of trade or entertainment on Sundays, or late at night," defines and punishes two distinct offences: one, the opening or keeping open of such a place, unless a licensed tavern, after eleven o'clock at night and before daylight in the morning, or on Sundays, and the other, the selling of any article in such place during the time or on the day prohibited.

The exaction of the jury fee of five dollars, by the municipal court of the city of Providence, would not, if such exaction were unconstitutional, be cause for a new trial of a complaint under a city ordinance in which the exaction was made; since the new trial would not repay to the applicant the jury fee which he had paid, but only subject him to the exaction of another.

PETITION for a new trial. This was a complaint against the defendant for keeping open his shop, store, or place of entertainment on Canal-street, in the city of Providence, on the 15th day of December, 1856, after eleven o'clock in the evening, the same not being a licensed tavern, in contravention of an ordinance of the city of Providence, entitled "An ordinance to pro-

---

[1] Ames, C. J., having been of counsel in this case, did not sit in it.

41 *

hibit the opening of places of trade or entertainment on Sundays, or late at night." It was tried before Henry L. Bowen, Esq., justice of the police court of the city of Providence, and the defendant found guilty,—and again, upon appeal, before the municipal court of Providence, sitting with jury, with a like result. Upon the latter trial, it was proved on the part of the city, that the front door and front window shutters and back door, which included all the entrances to the defendant's shop, were shut after eleven o'clock, and no one seen entering the shop after that hour; but that persons were seen after eleven o'clock and before daylight in the morning, within the shop, and coming out the back door of the shop. There was no proof that any article was sold in the shop after eleven o'clock at night, or that the defendant was in any way engaged in trade.

The municipal judge instructed the jury, that the second section of the city ordinance in question provided for the punishment of two distinct offences,—one, for keeping open, and another, for selling any article in such a shop after eleven o'clock at night and before daylight in the morning; and then proceeded further to instruct the jury, as to what was a keeping open, under the first section of the ordinance.[1]

The grounds of the motion for a new trial were,

*First*, that after the charge to the jury was concluded, the defendant requested the judge to instruct the jury, " that where

---

[1] " An ordinance to prohibit the opening of places of trade or entertainment on Sundays, or late at night.

" It is ordained by the city council of the city of Providence, as follows:

" SECTION 1. No shop, store, or other place of trade, or entertainment in this city, excepting licensed taverns, shall hereafter be kept open after eleven o'clock in the evening, nor be opened before daylight in the morning: nor shall any such shop, store, or place of trade, or entertainment be opened on Sunday, nor any article sold therein on that day: provided, that druggists may open their shops at any time for the purpose of selling medicines for the use of the sick.

" SECTION 2. Every keeper of any shop, store, or place of trade, or entertainment, which shall be opened, or in which any article shall be sold, and every person opening any shop, store, or place of trade, or entertainment, or selling any article, contrary to the provisions of this ordinance, shall forfeit and pay a sum of not less than five dollars, nor more than twenty dollars."

the front door and front window-shutters and the back door,—the entrances of the shop,—are all closed *after eleven o'clock at night, and before daylight in the morning*, and no one is seen going into the shop, after or *at that hour*, but only seen coming out, and there is no proof of any selling or trade being there carried on at that hour, then and in that case, there has been no keeping open under the ordinance, nor a violation of the ordinance." This charge, the judge refused to give; and,

*Second*, that before the verdict was rendered in the cause, the defendant was required by the judge to pay to the clerk of the court, the sum of five dollars, as the jury fee, which was paid by him under protest.

*Dickman*, for the petitioner, cited, as to the rules of construing penal ordinances, *Melody* v. *Reed*, 4 Mass. 471; *Gibson* v. *Jenney*, 16 Mass. 205; *Merchants Bank* v. *Cook*, 4 Pick. 405; *Henry* v. *Tolson*, 17 Vermont R. 479; and as to the required payment of the jury fee, relied on article 1, section 5, of the constitution of Rhode Island, and *Littlefield* v. *Peckham*, 1 R. I. Rep. 508.

*James M. Clarke, Esq.*, city solicitor, for the city marshal.

AMES, C. J. The ordinance in question evidently creates two offences,—one of opening, or keeping open a shop or place of entertainment, other than a licensed tavern, after eleven o'clock at night and before daylight in the morning, or on Sundays, and the other, of selling in such a place, at such unseasonable hours, or improper times. Obvious reasons connected with the police of the town dictated the ordinance, and require this construction, of which, to say the least, it admits; and indeed, the prevention of sales at such times requires practically, that such places should be shut up. Taking the words, as they are set down in this motion, in which the municipal judge was requested to charge the jury, and which he refused to use, and they were evidently put together to convey the notion, that if the shop was apparently closed, and no one was seen going into it, no matter how many persons nor at what hours between eleven o'clock at night and daylight in the morning might be seen coming out, the jury would not, by any proof before them as to numbers seen within the shop, or as to the noise or num-

Hudson, City Marshal, *v.* Geary.

ber of those coming out, be justified in finding the defendant guilty of violating the ordinance, unless there was proof of a sale made between those hours in the shop. The instruction thus required supposes, that the shutting up of a shop in December merely requires the front shutters to be up and the doors closed, in order to make, at that season, the inmates comfortable, and then no matter how many may be there, it may be for noisy entertainment, so that no new comers chance along, nor how late the company stays, the ordinance is observed, unless it can be proved that some trade or selling is carried on amongst them. Without finding it necessary to define with precision, what an opening or keeping open of a shop, &c. within the terms of this ordinance is, such a construction is quite too latitudinarian to meet the obvious purposes for which the ordinance was passed. It seems from the report of the case, allowed by the judge, that he did define in his charge to the jury, what " a keeping open," in application to the case before him, was, within the prohibition of the first section of the ordinance. We must presume that his instruction in this respect was correct, inasmuch as no complaint is made of it by the petitioner, and the substance of it even is not stated in the petition. If correct, he certainly was not required to use the language of the counsel for the petitioner ; since, however true might be the proposition conveyed by it, it might be so inapplicable to the case, as to be at least useless. So far, as from the report of this case, we can understand it, we think the instruction required went further, and was calculated to mislead the jury.

It is unnecessary, on this petition, to go into the constitutionality of the long accustomed mode in this state, of providing for the payment of juries, by requiring every plaintiff or appellant to pay a jury fee of five dollars, before the verdict invoked by him is recorded. Were the law under which the practice prevails ever so unconstitutional, the exaction of the jury fee in this case could not possibly constitute a cause for a new trial of it. A new trial, so far from affording the petitioner a remedy for the old exaction, could only expose him to the danger of a new one. The proper remedy would be, to sue the clerk of the

court who required, notwithstanding the protest of the petitioner, the payment of the jury fee before he would record the verdict, for the amount of the same; and if the law, under which he made the exaction be unconstitutional, as supposed, it will, of course, afford him no protection against the suit.

A new trial is refused, and the petition dismissed with costs.